BROWN, Appellant, v. BELDEN, Respondent. (Supreme Court, Appellate Division, Fourth Department. January 21, 1902.) Action by William M. Brown against Alvin J. Belden. No opinion. Order affirmed, with $10 costs and disbursements.

BUCKLIN, Appellant, v. LAWLOR, Respondent. (City Court of New York, General Term. October, 1901.) Action by Charles A. Bucklin against Charlotte B. Lawlor. William C. Relyea (George H. Fletcher, of counsel), for appellant. Eugene K. Sackett (Lemuel Skidmore, of counsel), for respondent.

FITZSIMONS, C. J. The order appealed from must be affirmed. The stipulation made between the parties hereto reads: "That this action shall not be brought on for trial until after a certain action pending in the supreme court shall have proceeded to judgment." The action referred to in the supreme court has reached a stage where the defendant has entered an interlocutory judgment, and the other questions in said action are now before a referee for determination. The judgment so entered in the defendant's favor is merely an interlocutory, or, as we choose to call it in this instance, a half-way, judgment. Although the question now before the referee must result in a verdict in the plaintiff's favor, yet at this time a final judgment cannot be entered, and thus all of the issues made by the complaint and answer are not fully and finally determined, so that the defendant may enter a full and final judgment. That is, in our opinion, what the parties meant when, in said stipulation, they used the word "judgment." Therefore the order appealed from must be affirmed, with costs and disbursements of appeal. Order affirmed, with costs. All concur.

BUCKLIN, Appellant, v. LAWLOR, Respondent. (Supreme Court, Appellate Term. December, 1901.) Action by Charles A. Bucklin against Charlotte B. Lawlor. William C. Relyea (George H. Fletcher, of counsel), for appellant. Eugene K. Sackett (Lemuel Skidmore, of counsel), for respondent.

MacLEAN, J. The refusal by the learned justice at special term and the affirmance of his order by the general term were within the discretionary control by the city court of its own calendar in the due administration of justice, which well might be furthered by having all the facts in issue between the same parties in the cause in the supreme court determined before restoring the cause for trial. Moreover, the determination appealed from was according to the liberal interpretation of the stipulation under which the cause was marked "Reserved generally." Order appealed from affirmed, with costs.

McADAM, P. J., concurs.

SCOTT, J. (concurring). In my opinion the interlocutory judgment in the supreme court was not the judgment intended by the stipulation, which provided that the present action should not be brought to trial until the supreme court action shall have been settled or have been brought to trial and proceeded to judgment upon complaint and answer. To construe the stipulation in the manner contended for by the plaintiff would be to undo all that was sought to be effected by the negotiations which led to the making of the stipulation. Order affirmed, with costs.

CALLAHAN, Respondent, v. SYRACUSE RAPID TRANSIT RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 28, 1902.) Action by Josephine Callahan against the Syracuse Rapid Transit Railway Company. No opinion. Judgment of county court affirmed, with costs.

In re CAMPBELL. (Supreme Court, Appellate Division, First Department. January 24, 1902.) In the matter of William Campbell. No opinion. Motion denied.

CAMPBELL, Appellant, v. REYNOLDS, Respondent. (Supreme Court, Appellate Division, Second Department. December 23, 1901.) Action by Charles J. Campbell against William H. Reynolds. No opinion. Judgment affirmed, with costs.

CARD, Respondent, v. MOORE et al., Appellants. (Supreme Court, Appellate Division, Second Department. December 23, 1901.) Action by Albert M. Card against John A. Moore and another. No opinion. Motion granted.

CASSIO, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 17, 1902.) Action by Antonio Cassio against the Brooklyn Heights Railroad Company. No opinion. Motion denied, on the ground of laches, without costs.

CHAFFEE, Respondent, v. ERIE R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 28, 1902.) Action by Frank Chaffee against the Erie Railroad Company. No opinion. Motion for leave to appeal to the court of appeals denied, with $10 costs.

CHARLES R. PARMELE CO. v. HAAS. (Supreme Court, Appellate Division, First Department. February 7, 1902.) Action by Charles R. Parmele Company against Joseph A. Haas. No opinion. Motion granted.

CITY OF BUFFALO v. DELAWARE, L. & W. R. CO. (Supreme Court, Appellate Division, Fourth Department. January 28, 1902.) Action by the city of Buffalo against the Delaware, Lackawanna & Western Railroad Company. No opinion. Decision amended by inserting after the word "reversed" the words "upon the law and the facts."

CITY OF BUFFALO, Respondent, v. MUTUAL EMPLOYMENT BENEV. ASS'N, Appellant. (Supreme Court, Appellate Division, Fourth Department. December 10, 1901.) Action by the city of Buffalo against the Mutual Employment Benevolent Association. No opinion. Judgment of municipal court affirmed, with costs.